UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES ROBINSON, *et al.,* | Case No. 2:18-cv-01047-APG-GWF |
| Plaintiffs, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| LAS VEGAS BISTRO LLC, *et al.,* | |
| Defendants. | |

This matter is before the Court on Plaintiff's Application for Leave to Proceed *in Forma Pauperis* (ECF No. 1), filed on June 8, 2018. Plaintiff filed an Amended Complaint (ECF No. 3) on June 11, 2018.

## BACKGROUND

Plaintiff Robinson states that he is the founder of a religious organization known as the Religious Faith of IZM and Arch Prelate of the Faith and Tabernacle of IZM. He alleges that Defendant violated the United States Constitution, his First Amendment rights, and Title VII of the Civil Rights Act. Plaintiff alleges that he entered into a written agreement with Defendant to have an event at Defendant's venue and that the parties agreed to have the event aired on Defendant's "pay per view" and "on demand" channels. Plaintiff claims that Defendant cancelled and relocated the event in violation of their agreement. Plaintiff's amended complaint alleges claims of racial and religious discrimination, harassment, hostile work environment and breach of contract.

## DISCUSSION

### I.      Application to Proceed *In Forma Pauperis*

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant

1

to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint.  *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law.  See *Chappel v. Laboratory Corp. of*

*America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

## III. Instant Complaint

### a. Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits. *See* U.S. Const. art. III, § 2, cl. 1. Generally, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States," or from claims involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a "claim for relief must contain ... a short plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The burden of proving jurisdiction rests on the party asserting jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.* 298 U.S. 178, 182–83 (1936). Plaintiff does not state the

grounds for the Court's jurisdiction in his complaint nor does the complaint contain allegations demonstrating that the Court has jurisdiction.

### b. Failure to State a Claim

#### i. First Amendment Rights

Plaintiff alleges that Defendants violated constitutional protections, specifically "the First Amendment Religious Freedom and Religious Exercise." *See Amended Complaint* (ECF No. 3), 2. To the extent that Plaintiff is seeking private enforcement of substantive rights created by the Constitution and Federal Statutes, he may do so under the auspices of 42 U.S.C § 1983 and must allege as such in his complaint. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). However, in order to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988); *see also Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

§ 1983 does not reach private conduct, regardless of how discriminatory or wrongful it may be. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999). Even involving cases where there is extensive state funding and regulation of a private activity, "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350 (1974); *see also Rendell-Baker,* 457 U.S. 830 at 842-43; *Morse v. North Coast Opportunities,* 118 F.3 1338, 1340-41 (9th Cir. 1997). Only where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity" will the Court allow a defendant to be subjected to a §1983 claim. *Id.* A "close nexus" exists only where the State has "exercised coercive power or has provided such significant encouragement." *Id.*, *see also Flag Bros. Inc. v. Brooks,* 436 U.S. 149, 156 (1978). The Ninth Circuit has established a two part test to establish whether or not an alleged infringement of federal rights is fairly attributable to the government: "1) the deprivation must result from a government policy, and 2) the party charged

with the deprivation must be a person who may fairly be said to be a government actor." *Sutton v. Providence St. Joseph Med. Center*, 192 F.3d 826, 835 (9th Cir. 1999).

Plaintiff failed to allege that he is bringing his claims under the auspices of 42 U.S.C § 1983 and further failed to demonstrate that Defendants were acting under color of law. Although he provides some factual description of the basis of his claims, he does not demonstrate an affirmative link between a specific injury or wrongful conduct and the violation of his rights. Plaintiff, therefore, failed to allege a proper factual and legal basis for his claims under the First Amendment. The Court will, however, allow Plaintiff to amend his allegations in an amended complaint to state sufficient facts to state a claim, if he is able to do so.

### ii. Discrimination/Harassment/Hostile Work Environment/ Title VII of the Civil Rights Act of 1964

Title VII of the Civil Rights Act of 1964 ("Title VII") is a federal law that allows individuals to sue an employer for discrimination on the basis of race, color, religion, gender or national origin. 42 U.S.C. §2000e-2. Title VII discrimination claims require a showing of an unlawful employment practice such as, *inter alia*, discriminating against an individual with respect to his or her terms, conditions, privileges, compensation, or employment opportunities, because of such individual's religion, gender, age, or disability. *Id.*

As an initial matter, Plaintiffs cannot sue individuals under Title VII as liability is limited to an employer. *See Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable for damages under Title VII"). It does not appear, nor does Plaintiff allege that Defendants are his employers. He states that Defendant Colleen Burrell is a representative of Defendant Las Vegas Bistro. Plaintiff simply lists Defendants Ralph James, Brett Griffin, and Britney Rose, but does not provide any factual allegations as to those Defendants. Nonetheless, under Title VII, Plaintiff may only bring suit against his employer, who is liable for the actions of its employees under the respondeat superior theory of liability. Therefore, the Court recommends that Plaintiff's Title VII claim against Defendants be dismissed with prejudice.

. . .

5

### iii. Public Accommodation Discrimination /Title II of the Civil Rights Act of 1964

Title II of the Civil Rights Act of 1964 ("Title II") prohibits public accommodations or privately owned facilities that offer food, lodging, gasoline, or entertainment to the public from discriminating on the basis of race, color, religion, or national origin. 42 U.S.C. § 2000a. A plaintiff establishes a prima facie case of Title II public accommodation discrimination by showing that he or she: (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodations; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class. *Brown v. Luxor Hotel & Casino*, 2014 WL 2858488, at *2 (D. Nev. June 23, 2014) (citing *United States v. Lansdowne Swim Club*, 894 F.2d 83, 88 (3d Cir.1990)).

Although unclear, it appears that Plaintiff may have attempted to set forth a claim of discrimination under Title II. To the extent that Plaintiff intends to do so, he has failed to allege sufficient facts to state a claim for public accommodation discrimination. Plaintiff alleges that he is a member of a religious organization and that he attempted to exercise the full rights and benefits and enjoyment of a place of public accommodation. He, however, does not allege that he was denied those benefits and enjoyment or that he was treated less favorably than similarly situated persons who are not members of the protected class. If Plaintiff intends to set forth a claim under Title II and to proceed on such claim, Plaintiff must amend his complaint to allege facts that establish the third and fourth prongs of a prima facie case for public accommodation discrimination.

### iv. Breach of Contract

Plaintiff appears to bring a claim for breach of contract, which is a cause of action that occurs under state law. A federal court may hear state claims that are part of the "same case or controversy" as a claim arising under federal law. 28 U.S.C. § 1367(a). Section 1367(a) grants supplemental jurisdiction to the federal district court for "all other claims that are so related to claims" over which the federal district court has original jurisdiction "that they form part of the same case or controversy under Article III." If Plaintiff does not intend to set forth any claims under federal law, subject matter jurisdiction may derive from diversity of the parties, which are

"civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States."

The Court will now screen the sufficiency of the factual allegations to state a claim for breach of contract. In order to state a claim for breach of contract under Nevada law, Plaintiff must allege "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.,* 434 F.Supp.2d 913, 919–920 (D.Nev.2006) (quoting *Richardson v. Jones,* 1 Nev. 405 (Nev.1865)). Plaintiff fails to show that this Court has subject matter jurisdiction over this claim. The Court will, therefore, dismiss this claim with leave to amend to correct the noted deficiencies. Plaintiff is advised that he must provide the court with a proper factual and legal basis for his claims in his amended complaint.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's First Amendment and breach of contract claims be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **February 22, 2019** to file an amended complaint correcting the noted deficiencies.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Title VII claim against Defendants be **dismissed** with prejudice for failure to state a claim for which relief can be granted.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 25th day of January, 2019.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE